UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OREGON MUTUAL INSURANCE COMPANY,

    Plaintiff,

 v.

NANCIE BRECHER; and COOK'S WORLD LLC,

    Defendants.

C16-1911 TSZ

ORDER

  THIS MATTER comes before the Court on plaintiff Oregon Mutual Insurance Company's motion for summary judgment, docket no. 13, as to which defendants have filed no response. Having reviewed the papers filed in support of the motion, the Court enters the following order.

**Discussion**

  In King County Superior Court, Margaret A. Palmquest, M.D. has sued defendant Cook's World LLC, a cooking school and kitchen products retailer owned by defendant Nancie Brecher, for injuries suffered when a deep fry thermometer purchased from

ORDER - 1

Cook's World exploded during use on February 1, 2014.  *See* Ex. 1 to Stapley Decl. (docket no. 14-1).  Plaintiff agreed to defend Cook's World under a reservation of rights, but seeks in this litigation a declaratory judgment that it owes no duty to defend or indemnify Cook's World with respect to the underlying lawsuit.  Plaintiff issued a "Businessowners Protector Policy" (the "Policy") to Nancie Brecher doing business as Cook's World for the period from August 11, 2013, to August 11, 2014.  *See* Ex. 4 to Stapley Decl. (docket no. 14-1).  The Policy was cancelled at Brecher's request effective November 1, 2013, apparently because the business had closed.  *See* Ex. 5 to Stapley Decl. (docket no. 14-1 at 123).  A policy release statement signed by Brecher indicates that "[n]o claims of any type will be made against the Insurance Company, its agents or its representatives, under this policy for losses which occur after the date of cancellation shown above."  *Id.*  The Court is satisfied that the "bodily injury" for which Cook's World has been sued occurred outside the policy period and is therefore not covered.  *See* Policy at § II.A.1.b, Ex. 4 to Stapley Decl. (docket no. 14-1 at 90) (indicating that the insurance at issue applies only if "[t]he 'bodily injury' . . . occurs during the policy period").  Plaintiff has established the requisite absence of any genuine dispute of material fact, *see* Fed. R. Civ. P. 56(a), and plaintiff is entitled to judgment as a matter of law that it owes no duty to defend or indemnify Cook's World with respect to the claims asserted by Palmquest.

**Conclusion**

 For the foregoing reasons, plaintiff Oregon Mutual Insurance Company's unopposed motion for summary judgment, docket no. 13, is GRANTED.  The Clerk is

1  DIRECTED to enter declaratory judgment in favor of plaintiff and against defendants

2  consistent with this Order and to send a copy of this Order to all counsel of record.

3    IT IS SO ORDERED.

4    Dated this 5th day of May, 2017.

*/s/ Thomas S. Zilly*

Thomas S. Zilly
United States District Judge

ORDER - 3